**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DERRICK LEE SMITH,

    Petitioner,   Case Number: 14-cv-14067
             Hon. Judith E. Levy
v.            Mag. Judge Patricia T. Morris

BONITA HOFFNER,

    Respondent.
_____/

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS
CORPUS AND DENYING CERTIFICATE OF APPEALABILITY**

I. **INTRODUCTION**

  Derrick Lee Smith ("Petitioner") has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254. Smith is incarcerated at the Lakeland Correctional Facility in Coldwater, Michigan, pursuant to convictions for six counts of first-degree criminal sexual conduct, kidnapping, and two counts of third-degree criminal sexual conduct. His petition challenges a condition of his confinement – his placement on a prison priority watch list.

1

Promptly after the filing of a habeas petition, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court may summarily dismiss the petition. *Id.*; *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."). *See also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.1970) (district court has duty to "screen out" petitions that lack merit on their face). Rule 4 permits *sue sponte* dismissal of a habeas petition that raises legally frivolous claims or contains factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the habeas petition is legally insufficient on its face. The Court also concludes that a certificate of appealability and leave to proceed *in forma pauperis* on appeal should be denied.

2

## II.   DISCUSSION

Petitioner challenges his placement on a priority 2 watch list.  He argues that he has been provided no justification or explanation for this placement.  According to Petitioner, placement on the priority 2 watch list implicates his visitation rights by separating him from other prisoners during visitation with family and friends.

"[F]ederal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under . . . 42 U.S.C. § 1983." *Muhammed v. Close*, 540 U.S. 749, 750 (2004).  Habeas corpus petitions allow for challenges "to the validity of any confinement or to particulars affecting its duration." *Id.*  "[C]onstitutional claims that merely challenge the conditions of a prisoner's confinement, . . .fall outside of that core [of habeas corpus] and may be brought pursuant to § 1983." *Nelson v. Campbell*, 541 U.S. 637, 643 (2004).

Petitioner acknowledges that his petition challenges a condition of his confinement rather than the validity of his confinement or its duration, but argues that a recent decision from the District of Columbia Circuit Court of Appeals, *Aamer v. Obama*, 742 F.3d 1023

(D.C. Cir. 2014), vests this Court with habeas jurisdiction over a conditions of confinement claim. In *Aamer,* the Court of Appeals held that the district court had habeas jurisdiction over conditions of confinement claims made by detainees held at the United States Naval Station at Guantanamo Bay, Cuba. *Id.* at 1038. The *Aamer* decision, however, was limited to the unique circumstances of Guantanamo Bay detainees which clearly are not analogous to Petitioner's circumstances. Moreover, this Court must follow Supreme Court and Sixth Circuit precedent. *See United States v. Yoon*, 398 F.3d 802, 806 (6th Cir. 2005) (unless the United States Supreme Court or the Sixth Circuit sitting *en banc* overrules or modifies Sixth Circuit precedent, courts must follow precedent). Controlling Supreme Court and Sixth Circuit authority holds that a prisoner may not challenge the conditions of confinement under § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973) (holding that a petition for habeas corpus is a means for challenging the fact or length of a prisoner's confinement). Because, "[i]t is clear under current law that a prisoner complaining about the conditions of his confinement should bring suit under 42 U.S.C. § 1983," the Court will

4

summarily dismiss the petition. *Young v. Martin*, 83 F. App'x 107, 109 (6th Cir. 2003) (citing *Preiser*, 411 U.S. at 498-99).

### III. Certificate of Appealability and Proceeding *In Forma Pauperis*

The Court will deny a certificate of appealability.

In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. § 2254.

For the reasons stated in this opinion, the Court will deny Petitioner a certificate of appealability because reasonable jurists would

not find this Court's assessment of Petitioner's claims to be debatable or wrong.  The Court further concludes that Petitioner should not be granted leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous.  *See* Fed. R. App. P. 24(a).

## IV.  CONCLUSION

For the reasons set forth above, Petitioner fails to state a claim upon which habeas relief may be granted in this petition.

Accordingly, the Court DISMISSES the petition for a writ of habeas corpus and DENIES a certificate of appealability and leave to proceed *in forma pauperis* on appeal.

IT IS SO ORDERED.

Dated: December 10, 2014           s/Judith E. Levy
Ann Arbor, Michigan                JUDITH E. LEVY
                                   United States District Judge